```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF GEORGIA
                   COLUMBUS DIVISION

IN RE MENTOR CORP. OBTAPE       *   MDL Docket No. 2004
                                    4:08-MD-2004 (CDL)
TRANSOBTURATOR SLING PRODUCTS   *
                                    Case No.
LIABILITY LITIGATION            *   4:13-cv-341 (D. BENSON)
```

O R D E R

Defendant Mentor Worldwide LLC developed a suburethral sling product called ObTape Transobturator Tape, which was used to treat women with stress urinary incontinence. Plaintiff Darlene Benson was implanted with ObTape and asserts that she suffered injuries caused by ObTape. Benson brought this product liability action against Mentor, contending that ObTape had design and/or manufacturing defects that proximately caused her injuries. Benson also asserts that Mentor did not adequately warn her physicians about the risks associated with ObTape. Mentor contends that all of Benson's claims are barred by the applicable statutes of limitation. For the reasons set forth below, the Court agrees, and Mentor's Motion for Summary Judgment (ECF No. 24 in 4:13-cv-341) is granted.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a).  In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  A fact is *material* if it is relevant or necessary to the outcome of the suit.  *Id.* at 248.  A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party.  *Id.*

## FACTUAL BACKGROUND

Viewed in the light most favorable to Benson, the record reveals the following.  Benson is a Florida resident, and all medical treatment relevant to this action occurred in Florida. Benson sought treatment from Dr. Ekiong Chu Tan for stress urinary incontinence.  Dr. Tan implanted Benson with ObTape on April 25, 2005.  In August 2005, Benson visited Dr. Scott Rhamy complaining that she felt a foreign body in her vaginal wall. Dr. Rhamy examined Benson and discovered an erosion of the ObTape.  He explained to Benson that the ObTape was coming through her vaginal wall and was causing her symptoms.  Benson Dep. 93:12-20, ECF No. 24-4.  Dr. Rhamy performed a revision procedure in August 2005, but Benson continued to have problems with exposed ObTape.  Dr. Rhamy recommended another revision surgery.  Benson understood that Dr. Rhamy planned to remove the

2

exposed part of her ObTape and cover the area of her vaginal wall where the ObTape had eroded. *Id.* at 96:12-97:2. Dr. Rhamy again told Benson that the eroded ObTape was causing her symptoms. *Id.* at 97:7-13. Dr. Rhamy excised portions of Benson's ObTape on December 8, 2005. Benson continued to have problems with the ObTape, so another doctor removed the rest of Benson's ObTape in May 2006. *Id.* at 101:16-102:10.

Benson filed her Complaint on July 11, 2013. *See generally* Compl., ECF No. 1 in 4:13-cv-341. Benson brought claims for personal injury under the following theories: strict liability design defect, negligence, breach of warranty, and strict liability failure to warn.

DISCUSSION

Benson filed this action in the United States District Court for the District of Minnesota. *See generally* Compl., ECF No. 1 in 4:13-cv-341. The action was later transferred to this Court as part of a multidistrict litigation proceeding regarding ObTape. The parties agree for purposes of summary judgment that Minnesota law applies to Benson's claims. *See In re Mentor Corp. ObTape Transobturator Sling Prods. Liab. Litig.*, No. 4:08-md-2004, 2013 WL 286276, at *7 (concluding that Minnesota law applied to claims of non-Minnesota ObTape plaintiffs who brought their actions in Minnesota). Mentor argues that all of Benson's claims are time-barred under Minnesota law.

**I.   Breach of Warranty Claim**

The statute of limitations for Benson's breach of warranty claim is four years. Minn. Stat. § 336.2-725(1). "A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach." Minn. Stat. § 336.2-725(2). "A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered." Minn. Stat. § 336.2-725(1). Benson did not respond to Mentor's summary judgment on this point, and she did not point to any evidence that any warranty made by Mentor explicitly extended to future performance, so her breach of warranty claim accrued in 2005, when her ObTape was implanted. Benson did not bring her claim within four years, so her breach of warranty claim is time-barred.

**II.   Negligence, Design Defect and Failure to Warn Claims**

Benson brought design defect and failure to warn claims under a strict liability theory. She also brought a negligence claim based on her problems with ObTape. The statute of limitations for her strict liability claims is four years, and the statute of limitations for her negligence claim is six years. Minn. Stat. § 541.05 subd. 2 ("[A]ny action based on the

strict liability of the defendant and arising from the manufacture, sale, use or consumption of a product shall be commenced within four years."); Minn. Stat. § 541.05 subd. 1(5) (establishing six-year limitation period for personal injury claims not arising in contract or strict liability).  Under Minnesota law, "a claim involving personal injuries allegedly caused by a defective product accrues when two elements are present: '(1) a cognizable physical manifestation of the disease or injury, and (2) evidence of a causal connection between the injury or disease and the defendant's product, act, or omission.'"  *Klempka v. G.D. Searle & Co.*, 963 F.2d 168, 170 (8th Cir. 1992) (quoting *Hildebrandt v. Allied Corp.*, 839 F.2d 396, 398 (8th Cir. 1987)) (applying Minnesota law).  "A plaintiff who is aware of both her injury and the likely cause of her injury is not permitted to circumvent the statute of limitations by waiting for a more serious injury to develop from the same cause." *Id.*

For example, in *Klempka*, the plaintiff suffered injuries and was diagnosed with chronic pelvic inflammatory disease, which her doctor said was caused by the plaintiff's intrauterine device.  *Id.* at 169.  Several years later, the plaintiff was told that she was infertile and that the intrauterine device caused her infertility.  *Id.*  Applying Minnesota law, the Eighth Circuit concluded that the plaintiff's cause of action accrued

5

when she first learned that she had an injury (chronic pelvic inflammatory disease) that was caused by the intrauterine device.  *Id.* at 170.  Here, Benson does not deny that she knew that her injuries were caused by ObTape in 2005 when her doctors told her that her symptoms were caused by ObTape and that she would require further surgery.  She also does not deny that she knew in 2006 that her ObTape had to be removed completely because of the problems she had with it.  Benson argues, however, that her claims did not accrue until she saw a television commercial regarding injuries caused by defects in mesh products.  Benson did not point to any Minnesota authority holding that a plaintiff must be on notice that her injuries were caused by a defect.  Rather, the precedent states that the plaintiff must be aware of an injury and a causal connection between the injury and the defendant's product.  *Id.*

Benson nonetheless contends that two Eighth Circuit cases support denial of summary judgment in this case.  The Court disagrees.  First, Benson points to *Hildebrandt v. Allied Corp.*, 839 F.2d 396 (8th Cir. 1987), where the plaintiffs alleged that they suffered lung damage due to their exposure to a toxic chemical at their workplace.  But there, unlike here, the plaintiffs' doctors initially told the plaintiffs that there was no correlation between their symptoms and the chemical.  *Id.* at 399.  The Eighth Circuit thus concluded that the plaintiffs'

6

claims did not accrue until the cause of the plaintiffs' injuries was rationally identified. Second, Benson points to *Tuttle v. Lorillard Tobacco Co.*, 377 F.3d 917 (8th Cir. 2004). In *Tuttle*, the district court found that the decedent's smokeless tobacco product liability action accrued when the decedent discovered a lump in his cheek. 377 F.3d at 922. The Eighth Circuit reversed because the decedent's doctor initially told the decedent that the lump was caused by an oral infection and was treatable with antibiotics—not that it was oral cancer caused by the tobacco. *Id.* *Hildebrandt* and *Tuttle* are both distinguishable from Benson's case. Here, unlike *Hildebrandt* and *Tuttle*, there is no dispute that Benson and her doctors connected her injuries to ObTape in 2005.

Benson argues that even if Minnesota's discovery rule does not save her strict liability and negligence claims, the statute of limitations should be tolled by fraudulent concealment. "Fraudulent concealment, if it occurs, will toll the running of the statute of limitations until discovery or reasonable opportunity for discovery of the cause of action by the exercise of due diligence." *Holstad v. Sw. Porcelain, Inc.*, 421 N.W.2d 371, 374 (Minn. Ct. App. 1988); *accord Hydra-Mac, Inc. v. Onan Corp.*, 450 N.W.2d 913, 918 (Minn. 1990). "The party claiming fraudulent concealment has the burden of showing that the concealment could not have been discovered sooner by reasonable

7

diligence on his part and was not the result of his own negligence." *Wild v. Rarig*, 234 N.W.2d 775, 795 (Minn. 1975). As discussed above, Benson's doctors told her in 2005 that she had injuries caused by ObTape. And she knew by 2006 that her entire ObTape had to be removed because of her problems with erosion. A reasonable person in those circumstances would take some action to follow up on the cause of her injuries and try to find out whether the injuries were caused by a problem with ObTape, a problem with the implant surgery, or some other problem. But Benson pointed to no evidence that she took any action to investigate her potential claims even though she knew there was a connection between her injuries and the ObTape. Under these circumstances, the Court concludes that fraudulent concealment does not toll the statute of limitations. Benson's strict liability and negligence claims are therefore barred.

## CONCLUSION

As discussed above, Mentor's Motion for Summary Judgment (ECF No. 24 in 4:13-cv-341) is granted.

IT IS SO ORDERED, this 20th day of October, 2015.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA